Ohio State Bar Association *v.* Renshaw.

[Cite as Ohio State Bar Assn. v. Renshaw (1977),
49 Ohio St. 2d 192.]

(D. D. No. 76-15—Decided February 23, 1977.)

*Mr. Albert L. Bell, Mr. Kenneth M. Barnes, Mr. John R. Welch, Mr. John L. Beckley* and *Mr. James J. Gilvary*, for relator.

*Mr. Robert E. Renshaw, pro se.*

*Per Curiam.* Upon examination of the record of the hearing, we find that the violations with which respondent was ultimately charged were accurate and substantiated.

We agree with the board's conclusion that there were mitigating circumstances.*

We accept the board's recommendation and the respondent is indefinitely suspended from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

*The following facts were revealed at the hearing before the board:

(1) Respondent voluntarily returned approximately one-half of his fee as a fiduciary on the Mendenhall estate because of the delayed closing of the estate. Apparently, this refund was to compensate Esther Holland, sole beneficiary of the estate, for lost interest that could have been earned upon investment.

(2) The $744.91 that relator alleged in Count II of its complaint as "not accounted for as of February 13, 1975" was paid by respondent to Master Charge on an account of Mr. Ross. According to respondent's testimony before the board, Mrs. Ross had used this account to buy gifts for her boyfriend, and respondent was directed by Mr. Ross to make certain that the account was paid out of the $2,000 that he had previously given to respondent to be paid to Mrs. Ross in settlement. Further, in this matter, respondent had paid some court costs out of his own pocket.

(3) Respondent testified he was not the fiduciary in over 80 percent of the estates that relator alleged were neglected by respondent, and testified further that the fiduciaries of these estates and other "various people" were uncooperative or difficult to locate.

(4) Respondent was very cooperative with counsel for the relator and with the board.